MATTHEW ADAMS, complainant, vs. JAMES McGLINCHY.

*Costs. Replevin. Officer.*

Adams, as a deputy of the sheriff, seized certain liquors upon legal process, and libelled them; before the day of hearing upon the libel arrived, they were taken from his possession by a coroner, upon a writ of replevin (defective in that the bond was not for double the value of the property replevied) which was never served upon Adams, nor returned to court; *held,* that though the coroner and plaintiff in replevin were liable as trespassers to the deputy sheriff for the taking, the party who sued out the replevin writ could not be charged for costs upon a complaint made by Adams to this court; nor could any order for a return to him of the liquors replevied be made upon such complaint. Adams' remedy is in trover or trespass, as in ordinary suits against trespassers.

ON EXCEPTIONS.

July 16, 1872, the complainant, as deputy of the sheriff of this county, seized thirty-four casks of intoxicating liquors, of the value of fifteen hundred dollars, upon a complaint made to the municipal court of the city of Portland, under R. S., c. 27, § 35, and warrant issued thereon, alleging that they were deposited and kept for the purposes of unlawful sale, by James McGlinchy and John H. McCue, in the basement of the store numbered 118 on Fore street, in said Portland. The liquors were, on the eighteenth day of July, 1872, libelled by the seizing officer, and a monition issued for any person interested to appear and claim them on the thirty-first day of that month, at nine o'clock in the forenoon; no one then appearing to claim them they were adjudged to be forfeited; but, prior to this date, to wit, on the twenty-seventh day of July, 1872, they had been taken from the possession of Mr. Adams, by Charles H. Hall, a coroner, upon a writ of replevin, sued out by McGlinchy against Adams, dated July 27, 1872, returnable to the term of this court, holden at Portland, on the second Tuesday of October, 1872; but, after the liquors were replevied, it was discovered that the replevin bond was for only $1500, the single, and

not the double, value of the liquors ; therefore, no personal service was made upon Adams, nor was the writ ever entered in court. Thereupon, at the return term of the replevin writ, (October term, 1872,) Adams made this complaint, stating these facts, that the coroner had not possession of the writ, but had given it to Mc-Glinchy's attorney ; and praying that McGlinchy might be required to file a copy of it, to pay the costs, and to return the property replevied, and pay the damages occasioned by its taking and detention. The court ordered a return of the liquors and decreed costs, and the respondent excepted.

*W. L. Putnam*, for the respondent.

The practice exists where writs are served and not entered, to file a complaint and obtain judgment for costs; but there is no precedent for attempting to try, on such complaint, the issues of the original action. How could the court order a return? The petitioner filed no copy of the replevin writ; moved for no rule upon the officer to return it; but merely prayed this court, sitting as a court of law, to order McGlinchy to file a copy ! a thing not within the common law jurisdiction of this court to decree.

The complainant has an ample remedy at law. Since the writ was not returned, the officer cannot justify under it, and he and McGlinchy are both liable, unless they can show that Mr. Adams had no title to the liquors, and that one of them had.

*Butler & Fessenden*, for the complainant.

R. S., c. 96, § 19, recognizes this mode of procedure. This remedy is peculiarly appropriate in a case like the present, where a return of the specific articles should be compelled, that they may be properly dealt with by the municipal court, from whose custody they were taken.

APPLETON, C. J. The defendant sued out a writ of replevin by virtue of which certain specified property was taken from the possession of the plaintiff, without filing the bond required by statute. The service not being completed, the complainant files his com-

plaint, praying that McGlinchy may be required to file in court a true copy of the writ by him sued out, and for judgment against him for costs, and for a return of the goods and chattels taken upon said replevin writ.

As the plaintiff has never been summoned to appear at any term of this court, there was no reason why he should so appear. He is not entitled to costs for not appearing where he was not required to be. In *Hodge v. Swasey*, 30 Maine, 162, the defendant sued out a writ of attachment under which the complainant's property was taken, but the service was not completed by leaving a summons. The defendant in the original suit procured a copy of the writ upon which his property had been attached, and entered his complaint for costs, which the court denied to him, but allowed to his opponent. The same question arose in *Chadbourne v. Lancaster Bank*, 24 N. H., 333, and a similar decision was made. The complainant is not entitled to costs.

As the complainant was in possession of the intoxicating liquors replevied by him as a deputy sheriff, by virtue of a warrant issued from the municipal court of the city of Portland, upon their search and seizure the action against him was prohibited by statute. R. S., c. 27, § 43.

Further, the officer, without the statute bond, was not legally authorized to commence the service of his writ, and having never completed any service it can afford him no protection. He is a mere trespasser. A writ of replevin cannot be legally served before the plaintiff gives the bond required by statute. *Baldwin v. Whittier*, 16 Maine, 33. Trover may be maintained in such case, when the service is not completed. In *Purple v. Purple*, 5 Pick., 226, the officer was held to be a trespasser because he took the bond running to himself, and not to the defendant in replevin. The defendant, by whose direction these unlawful acts were done, is equally liable as the officer.

The defendant, being a trespasser, is situated like other trespassers. If he had seized the property taken without any writ, the person from whom it was so taken could not have claimed the intervention of this court to order its return. Neither can the com-

plainant do this.   The defendant has no precept under which he can justify.   He is in no better condition than if none had issued.

The complainant has the same legal remedies as any other party upon whom a trespass has been committed.   He asks for a return . of property upon a writ which was never served upon him, never entered in court, and upon which there can have been no order or adjudication as to the rights of the parties.   He is not legally entitled to such return, and must resort to such remedies as the law affords for redress.   The legal rights of parties are the same, irrespective of the subject matter to which the trespass relates, unless modified by special legislation, and there is none applicable to the present case.                    *Complaint dismissed with costs.*

WALTON, DICKERSON, BARROWS, DANFORTH and VIRGIN, JJ., concurred.